# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LEILA SINIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 4161 |
| v. | ) | |
| | ) | |
| McDONALD'S CORPORATION | ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leila Sinio sued her former employer, McDonald's Corporation ("McDonald's"), alleging that McDonald's discriminated against her, and ultimately terminated her, because she is Asian American. McDonald's moves to dismiss the following state-law counts: retaliatory discharge (Count III); violation of the Illinois Personnel Record Review Act (Count IV); intentional misrepresentation (Count V); intentional interference with a prospective economic advantage (Count VI); breach of written and oral contract (Count VII); negligence (Count VIII); negligent misrepresentation (Count IX). Despite Sinio's argument otherwise, it is not premature for the court to consider a motion to dismiss the state-law claims. For the reasons that follow, McDonald's motion to dismiss is granted in part and denied in part.

### BACKGROUND

For purposes of this motion to dismiss, the court assumes the following facts as alleged by plaintiff to be true. Sinio was employed by McDonald's as a Financial Accountant. On September 13, 2002, McDonald's requested that she sign a separation agreement whereby, in exchange for a signed release, the termination of her employment would be deemed a resignation. The proposed agreement also provided that McDonald's would give Sinio a neutral work reference and would pay

her an extra week's wages. Sinio refused to sign the agreement and her employment was terminated. After her termination, Sinio requested a copy of her personnel file, which was missing certain documents and also contained hundreds of pages of documents that did not reference her at all. Also following her termination, Sinio was initially refused unemployment benefits because McDonald's informed the Illinois Department of Employment Security that she had been terminated for misconduct, which she was not. Sinio was eventually granted unemployment benefits when McDonald's informed the Illinois Department of Employment Security of its mistake.

## ANALYSIS

**Count III: Retaliatory Discharge**

In order to prove retaliatory discharge under Illinois law, plaintiff must show that: (1) she has been discharged; (2) in retaliation for her activities; and (3) the discharge violates a clear mandate of public policy. *Stebbings v. University of Chicago*, 312 Ill. App. 3d 360, 365 (1st Dist. 2000). Illinois courts have recognized two situations which meet the third requirement: where the "plaintiff alleged [s]he had been terminated for exercising [her] statutory rights under the Worker's Compensation Act . . . [or] instances in which an employee is terminated for acts of 'whistle-blowing.'" *McGrath v. CCC Inf. Serv., Inc.*, 314 Ill. App. 3d 431, 436-37 (1st Dist. 2000). Because Sinio's claim does not involve the filing of worker's compensation claims or whistleblowing, her retaliatory discharge claim cannot survive. While she urges the court to expand the tort of retaliatory discharge to include the acts she alleges happened here (that McDonald's attempted to coerce her into signing an adhesion contract), the court is convinced that the interests outlined here are private and not "a matter [that] strike[s] at the heart of a citizen's social rights, duties, and responsibilities[.]" *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 130 (1981). Because Sinio's

2

claim is a private and individual grievance as opposed to something that "affects the citizens of the State collectively," *id.*, the court declines to expand the tort beyond the two circumstances routinely recognized by Illinois courts. McDonald's motion to dismiss the retaliatory discharge count is granted.

**Count IV: Illinois Personnel Records Review Act**

McDonald's argues that Count IV should be dismissed because the Personnel Records Review Act ("PRRA"), 820 ILCS 40/1, *et seq.*, does not: (1) make it unlawful for an employer to include documents in an employee's file that make no reference to the employee; or (2) require an employer to include certain information in a personnel file, such as documents that reflect positively on an employee's conduct. In response to Sinio's claim that McDonald's did not allow her to view her original file, McDonald's argues that it met its duty under the PRRA by providing Sinio with copies of her file.

Viewing the facts in the light most favorable to her, Sinio has alleged sufficient facts to survive McDonald's motion to dismiss on this claim. According to her complaint, Sinio waited over a month for McDonald's to provide her with a copy of her personnel file. Further, Sinio alleges that the file was missing certain documents, such as her "employment application, initial assignment information, training materials, [and] evaluations." Under the PRRA, an employer is obligated to allow an employee to review her file within seven working days after the request, or within 14 days if the employer can show that it needs additional time. 820 ILCS 40/2. Further, Section 2 of the PRRA states that employees shall be allowed "to inspect any personnel documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as

3

provided in Section 10 [820 ILCS 40/10]." 820 ILCS 40/2. Also, the PRRA provides an opportunity for an employee to file a written statement in the personnel file if the employee disagrees with the information included therein. *Id.* at 40/6. This statement is to be included in the portion of the file that the employee disputes and is to be included whenever that portion of the file is released to third parties. *Id.* Based on Sinio's allegations, she was not allowed to inspect her personnel file within seven days, she was not provided access to documents which she had a right to inspect under Section 2, and she was not afforded an opportunity to file a statement in her personnel file disputing information contained therein. Sinio has put McDonald's on notice of her PRRA claim. McDonald's motion to dismiss Count IV is denied.

**Count VI: Intentional Interference with Prospective Economic Advantage**

Sinio alleges that after her termination, McDonald's failed to return phone calls to recruiters acting on behalf of Sinio. Because of this failure, the recruiters were unable to confirm Sinio's employment history at McDonald's, and Sinio's efforts to find new employment were thwarted. In order to prove a claim for intentional interference with prospective economic advantage, a plaintiff must show: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 406 (1996) (citing *Fellhauer v. City of Geneva*, 142 Ill. App. 2d 495 (1991)). In this case, Sinio alleges that she had a "reasonable expectancy" of a business relationship with future employers because she contacted recruiters to assist her in finding a new job. She claims that she had a "reasonable expectancy" of future employment because of her credentials, and that McDonald's

4

interfered with that expectancy by not returning phone calls to confirm her prior employment at McDonald's. McDonald's argues that Sinio fails to meet elements (1) and/or (3) because Sinio did not have a reasonable expectation of entering into a business relationship, and its failure to return phone calls to recruiters did not constitute intentional interference.

Having reviewed Sinio's complaint, the court concludes that Count VI cannot survive McDonald's motion. While it is true that a plaintiff in federal court need not include in her complaint the facts supporting a claim, *see Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) ("Having alleged that [defendant] improperly interfered with his 'ability to enter into contracts or business relationships with third parties interested in purchasing the rights to publication of his experiences,' [plaintiff] is under no obligation to plead further the facts that he believes support his claim"), when a plaintiff does so she runs the risk of pleading herself out of court. Sinio has done just that in Count VI. In *Anderson*, plaintiff was interviewed for a new job and was told by her prospective employer that the interview process had "gone well" and that she was the "leading candidate" for the job. 172 Ill. 2d at 403-04. After her employer gave her a negative review, plaintiff's prospective employer terminated the interview process and told her she was no longer being considered for the job. *Id.* at 404. The Illinois Supreme Court held that plaintiff's allegation that she was the "leading candidate" for the job was insufficient to support a claim of intentional interference with prospective economic advantage. *Id.* at 407-08. "The hope of receiving a job offer is not a sufficient expectancy." *Id.* at 408.

Based on the Illinois Supreme Court's holding in *Anderson*, the court concludes that Sinio has pled herself out of court on this count. Sinio alleges nothing more than a hope of receiving a job offer, and unlike the plaintiff in *Anderson*, did not even submit applications, let alone progress

5

through the interview process with any prospective employer. Sinio's Count VI is dismissed.

**Count VII: Breach of Written and Oral Contract**

Sinio bases her claims for breach of a written and oral contract on an Individual Performance Plan and Year-End Assessment ("Assessment").[1] According to Sinio, on August 1, 2002, plaintiff's supervisor "signed off" on the Assessment, which appears to be a document completed by Sinio (or jointly completed by Sinio and her supervisor) which lists her future objectives. Next to the area stating Sinio's objectives is the statement "Date to complete 12/2002." Sinio argues that, under *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482 (1987), the Assessment contained a "clear offer" of employment through December 2002, and Sinio accepted the offer by continuing to work after receiving the Assessment.

It is well established in Illinois that an employer-employee relationship without a fixed duration is generally terminable at will by either party. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 189 (1978). An at-will employee's employment may be terminated at any time for any reason (except one prohibited by law) by either the employer or the employee. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 612 (7th Cir. 1989). The at-will rule is a rule of construction only, however, creating a rebuttable presumption that a hiring without a fixed term is at-will. *Duldulao*, 115 Ill. 2d at 489. That presumption can be overcome by demonstrating that the parties contracted otherwise. *Id.* An employee handbook, or other policy statement, creates enforceable contractual rights provided the following requirements are each satisfied: (1) the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer was made; (2) the

---

[1] Because it was attached to Sinio's complaint as an exhibit, the court may review the Assessment. *See* Fed. R. Civ. P. 10(c).

statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by commencing or continuing to work after learning of the policy statement. *Id.* at 490.

However, an explicit disclaimer in a handbook, stating that nothing in the handbook creates a contract, is sufficient to preclude a breach of contract claim. *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (plaintiff's contractual claim is "extinguished" by the handbook's disclaimer). Here, even assuming that Sinio may bring her breach of contract claim under *Duldulao* (which it is not clear that she can), her claim fails because the Assessment contains a clear waiver stating that employment at McDonald's is "at-will." *Williams v. Toshiba America Med. Sys., Inc.*, No. 93 C 3448, 1994 WL 162784, *11 (N.D. Ill. Apr. 25, 1994) (concluding that an employee could not have believed that employer was offering to change his employment from at-will to fixed term where Compensation Plan stated that employment is at-will and that only the Vice President was empowered to alter the Plan). The Assessment itself explains the concept of "at-will" employment by stating that "[t]his means that employees are free to terminate their employment at any time, for any reason, and McDonald's reserves the same right. The president of McDonald's is the only person who may make an exception to this, and it must be in writing and signed by the president." In light of this disclaimer language, Sinio's claim for breach of a written contract is dismissed.

Count VII is also a claim for breach of an *oral* contract. Because McDonald's makes no argument regarding Sinio's claim for breach of an oral contract, Count VII survives to the extent it is based on an oral contract.

**Counts V and IX: Intentional and Negligent Misrepresentation**

Sinio alleges that McDonald's intentionally (Count V) and negligently (Count IX) misrepresented to the Illinois Department of Employment Security that she was terminated for misconduct. To prove a claim for intentional misrepresentation, Sinio must show: (1) defendant made a representation of material fact; (2) the representation was untrue; (3) defendant knew or believed the representation was untrue; (4) plaintiff had a right to rely on the representation and in fact did so; (5) the representation was made for the purpose of inducing the plaintiff to act or refrain from acting; and (6) the representation led to plaintiff's injury. *Wright v. Chicago Title Ins. Co.*, 196 Ill. App. 3d 920, 925-26 (1st Dist. 1990). In order to prove a claim for negligent misrepresentation, Sinio must show: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by defendant; (3) an intention to induce plaintiff to act; (4) action by plaintiff in reliance on the truth of the statements; (5) damage to plaintiff resulting from such reliance; and (6) duty owed by defendant to plaintiff to communicate accurate information. *Weisblatt v. Chicago Bar Ass'n.*, 292 Ill. App. 3d 48, 58 (1st Dist. 1997).

McDonald's argues that both claims fail because Sinio does not allege that McDonald's made the purported misrepresentation to her, but rather to the state of Illinois. Therefore, McDonald's argues, Sinio could not have relied upon the representation or been induced to act in any way.[2] The court agrees. Because McDonald's purported statements regarding the reasons for Sinio's termination were not made to Sinio, and Sinio could not have relied upon the statements (which she knew to be false) and been induced to act in some way, the court dismisses Sinio's

---

[2] Sinio summarily asserts that her misrepresentation claims can still stand even when the purported misrepresentation is made to a third party (and not to the plaintiff). Because she has completely failed to develop this argument, Sinio has waived it. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived.").

intentional and negligent misrepresentation claims to the extent they are based on McDonald's statements to the state of Illinois. However, in her response, Sinio argues that her misrepresentation claims are also based on the fact that McDonald's misrepresented to her that her termination would be deemed a resignation, regardless of whether or not she signed the release agreement. While McDonald's argues that this is legally deficient because Sinio has not pled all of the elements for intentional and negligent misrepresentation (specifically, inducement to act), the court concludes that Sinio has met the minimal burden of federal notice pleading by putting McDonald's on notice of her claims. Sinio's intentional and negligent misrepresentation claims survive to the extent they are based on comments made to Sinio by McDonald's regarding her termination.

**Count VII: Negligence**

The elements of a claim for negligence are: (1) the existence of a duty owed by McDonald's to Sinio; (2) a breach of that duty; and (3) an injury caused by that breach. *Sommers v. Household Int'l, Inc.*, 98 C 4539, 1999 WL 1285858, *9 (N.D. Ill. Dec. 30, 1999). McDonald's argues that Count VII fails for the following reasons: (1) McDonald's did not owe Sinio a legally cognizable duty of care; and (2) Sinio was not damaged. Sinio, relying on the *entire* Illinois Personnel Records Review Act, 820 ILCS 40/1, *et seq.*, asserts that "as an employer who has elected to maintain personnel records, McDonald's owes a duty of care to safeguard its employees [sic] personnel records and protect against the dissemination of inaccurate personnel records to third parties." Once again, it is not the court's job to research and develop plaintiff's arguments for her. Merely citing generally to a statute for the proposition that McDonald's owes its employees a duty with respect to personnel records is completely inadequate to describe a theory of recovery, and the court finds that plaintiff has waived this argument. In light of Sinio's failure to support her assertion that

9

McDonald's has a duty to its employees with respect to personnel files, her negligence claim fails.

## CONCLUSION

McDonald's motion to dismiss is granted in part and denied in part.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 16, 2005